**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Star Mountain Plan Trust, | No. CV-22-01389-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Titan Mining (US) Corporation, et al., | |
| Defendants. | |

Before the Court is Titan Mining (US) Corporation and Titan Mining Corporation's ("Defendants") Motion for Leave to Add Two Exhibits to Final Pretrial Order (Doc. 55). The motion is denied because Defendants do not show manifest injustice, as required by Rule 16.

Defendants seek to add two exhibits to the Final Pretrial Order. The exhibits are a 2014 term sheet regarding purchase of the Balmat stock and a compilation of approximately fifty photographs related to the Balmat mine and equipment. (*See* Doc. 55-3.) Defendants allege that both exhibits are probative of the critical issue for trial and will be helpful to the jury. Defendants did not disclose either of these exhibits to Plaintiff until January 2023, well after the close of discovery and approximately ten weeks before trial.

In this case, even if the use of the exhibits would be justified under Rule 37(c) despite their late disclosure, Defendants fail to show manifest injustice, as required by Rule

16(e). Rule 16(e) provides that "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The parties each rely on a separate set of factors articulated by the Ninth Circuit to determine manifest injustice. Plaintiff, in opposing the motion, relies on the factors from *United States v. First National Bank of Circle*: "(1) the degree of prejudice to the [moving party] resulting from a failure to modify; (2) the degree of prejudice to [the nonmoving party] from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith or inexcusable neglect on the part of the [moving party]." 652 F.2d 882, 887 (9th Cir. 1981). Defendants cite to a different set of factors from *Byrd v. Guess* for considering manifest injustice: "(1) the degree of prejudice or surprise to the [nonmoving party] if the order is modified; (2) the ability of the [nonmoving party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any degree of willfulness or bad faith on the part of the party seeking modification." 137 F.3d 1126, 1131-31 (9th Cir. 1998). Two other more recent Ninth Circuit cases cite the same factors as *Byrd*, without any explanation for the deviation in the factors. *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005); *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

The *First National Bank* factors explicitly require inquiry as to the prejudice to the moving party. The *Byrd* factors, however, omit the inquiry into the prejudice that would result to the moving party in the absence of a modification. A recent case in this district highlighted the potential tension between these two sets of factors when compared to the text of the rule. *McBroom v. Ethicon, Inc.*, 341 F.R.D. 40 (D. Ariz. 2022). In *McBroom*, the Court determined that because the rule requires modification only to *prevent* manifest injustice, "Rule 16(e) inquiry should focus on the party seeking the amendment." *Id.* It found that the Ninth Circuit misapplied the "manifest injustice" test in recent cases by focusing primarily on prejudice to the nonmoving party.

However, when viewed in conjunction with the text of the rule, both sets of factors

ultimately lead to the same conclusions: First, whether the Court characterizes the requirement as coming from the Ninth Circuit factors or the text of the rule itself, the burden is clearly on the movant to show that injustice will result in the absence of a modification. Second, the Court should, to some extent, evaluate the alleged prejudice to the nonmovant if the order is modified against the injustice to the movant if the order is not modified. Thus, if "refusal to allow a modification might result in an injustice while allowance would cause no substantial injury to the opponent, . . . modification should ordinarily be allowed." *First Nat'l Bank*, 652 F.2d at 887. And third, neither framework supports a conclusion that a lack of prejudice to the nonmovant, in itself, is sufficient to demonstrate injustice.[1]

In this case, the only injustice Defendants have alleged is the inability to present to the jury two exhibits that would be helpful to them. Although Defendants cite several cases for the proposition that photographs are invaluable to a jury at trial, they fail to explain what injustice would result if the jury were not able to view the photographs. They do not allege that the exhibits contain critical information that the jury could not otherwise access or that their case will be materially harmed by the inability to use the exhibits. They do not cite any cases that suggest the late discovery or recognition of helpful exhibits is sufficient to establish manifest injustice. The Ninth Circuit has determined that a party failed to demonstrate manifest injustice when the exhibits it sought to add "simply corroborated" and "did not alter or impact" the existing evidence. *See Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 595 F. App'x 670, 672 (9th Cir. 2014). Presumably, in most cases when a party seeks to add information to the final pretrial order, the information would, in that party's eyes, be helpful to the jury. But, as the advisory committee notes say, "pretrial orders should not be changed lightly." Fed. R. Civ. P. 16(e).

---

[1] To any extent that Defendants attempt to make this argument, the proposition is unsupported by the text of Rule 16(e) and Ninth Circuit precedent. The rule requires that the moving party demonstrate some injustice that the Court would *prevent* by modification of the order. Fed. R. Civ. P. 16(e). Thus, showing that modifying the order does not harm the nonmoving party is not the same as showing that not modifying the order harms the moving party.

Perhaps in some cases, an exhibit's sheer value to the jury could lead the Court to conclude that its absence from trial is an injustice. But Defendants have not shown that such a conclusion is warranted here. Thus, as to the most critical inquiry, Defendants fail to make an adequate showing.

Under any test, the Court must also consider the prejudice to the nonmoving party in the event of a modification. Here, Plaintiff demonstrates potential prejudice at least with regard to the photographs of the mine. Plaintiff alleges that the photos are intended to "give the impressions that the equipment was in a state of disrepair." (Doc. 56 at 6.) It states that because the photos were disclosed so late, it did not have time to subpoena others who may have other relevant photographs of the equipment, including the company who appraised the equipment. (*Id.*) Because these exhibits were not disclosed until well after the close of discovery, Plaintiff did not have sufficient time to prepare for their inclusion at trial or gather evidence to rebut their implications, and thus would be prejudiced by the modification. Plaintiff does not, however, specifically explain what prejudice would result if Defendants were permitted to use the term sheet at trial. Nevertheless, because Defendants do not adequately show an injustice that would result if the order were not modified to include this exhibit, Plaintiff's failure to show specific prejudice does not automatically warrant its inclusion.

The third and fourth factors are the same under both sets of factors. Here, the third factor favors Defendants because the inclusion of the exhibits would not likely materially impact the order and efficiency of the trial. The exhibits are not substantive changes to the pretrial order like a new claim or defense, nor do they appear to fundamentally change any of the issues or course of the trial. *See, e.g.*, *Galdamez*, 415 F.3d at 1020. As to the fourth factor, Defendants offer explanations for their inadvertence in failing to include the exhibits in the order. At least regarding the photos, their explanation falls short because their failure to recognize that the photos would be helpful to the jury and thus exclusion from the final pretrial order does not explain why Defendants failed to disclose these photographs, which were in their possession, throughout the litigation. Thus, the late inclusion of the

photographs demonstrates, at the very least, neglect on Defendants' part.

The weight of these factors favors the Plaintiff, and as such, the final pretrial order will not be amended. While the inclusion of the exhibits may only prejudice Plaintiff slightly and Defendants' conduct may not have been willful, Defendants still fail to demonstrate manifest injustice in the absence of a modification. Defendants' inability to use a helpful exhibit that they inadvertently overlooked and untimely disclosed, while undesirable to them, is not unjust.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to Add Two Exhibits to Pretrial Order (Doc. 55) is **DENIED**.

Dated this 13th day of February, 2023.

G. Murray Snow
Chief United States District Judge